ARTHUR SILBERMAN ET ALL., EXTRS.
(Estate of Robert B. Hirsch)
*vs.*
CHARLES J. McLAUGHLIN, TAX COMMISSIONER, ET ALS.

Superior Court        Fairfield County        File No. 58195

MEMORANDUM FILED JULY 3, 1941.

*Cummings & Lockwood,* of Stamford, for the Plaintiffs.

*Francis A. Pallotti,* Attorney General, of Hartford, for the Defendants.

WYNNE, J.   It seems clear to the court that the evidence adduced at the trial brings the plaintiffs squarely within the provisions of the statute under consideration, section 489c of the 1935 Cumulative Supplement to the General Statutes. The delay of decision which has ensued since has been due to no difficulty in the factual situation but to the practical difficulty presented in studying and digesting the voluminous briefs and addenda, the last of which was not received until April.   The questions of law presented and involved cover a diverse field with copious citations of cases considered applicable.   It has taken time to give to them the consideration due to the importance of a judicial holding implicit in the ultimate question presented.

A study of these authorities and continued reflection upon them leaves no room for doubt in the court's mind of the essential soundness of the almost controlling conclusions of Judge Baldwin in his careful memorandum on the demurrer.

It would seem that little else remains for decision.   The court finds no reason to hold that the act has any infirmity on constitutional grounds.   Nor would it appear that either the defense of laches or of the statute of limitations, avail.   The mere recital of the varying steps leading finally to the present litigation shows that the plaintiffs have at no time slept on their rights.   As to the question regarding the statute of limitations the court is satisfied the plaintiffs' claim can in no way be looked upon logically as a debt.   This is not a case against the State of Connecticut and the named defendants are charged, not with owing money, but with failing to perform a duty imposed by statute.

Plaintiffs rely upon the precise words of the statute for a judicial declaration that their estate is entitled to a refund of the taxes paid in May of 1928. They maintain that because the payments in question were not in conformity with the declared policy of the State as written into its enactment of section 489c, and were made after the established deadline of May 1, 1927, they have a right to a refund.

The question of whether the plaintiffs qualify for the refund sought is one of substantive law. It involves the various points raised on demurrer and settled by Judge Baldwin. The court has already indicated its concurrence in his conclusions. The one question remaining is whether the declaratory judgment procedure is appropriate. The State has provided no other for making the refund effective.

It seems to the court that the controlling question is whether the present claim is within the letter and the definition of the statute. The moving finger wrote and no regrets nor tears can blot a line of it, nor make the words other than they are. To the explanation that nothing of the kind was ever contemplated or intended, the court finds it easy to agree. Unfortunately a loaded gun still goes off even when the mind that controlled the trigger did not know the gun was loaded.

To hold that a specific appropriation would be a condition precedent to a right of refund would be to make a mockery of the State's credit and good faith. As pointed out by Judge Baldwin the enactment itself is tantamount to an appropriation. The prohibition to which the defendant refers is clearly designed to curb officials, not to confine the court.

The court is satisfied that the case properly is one within our statute and the developing philosophy of the declaratory judgment technique. In reaching this conclusion the court has had the very great advantage of the proof sheets of the pending new edition of Professor Borchard's book on the declaratory judgment and citation of authorities having analogy to the questions here involved. This is of course in addition to a reading of the present edition of Borchard and recent cases reaching our Supreme Court.

It can no longer be held that in a case like the present, mandamus is an exclusive remedy. On the contrary, under the new Federal rules, mandamus is abolished and a declaration is

adequate for a court order to direct public officials in the discharge of defined duties.

The court feels justified in making two passing observations. First, it has little doubt that neither the Tax Commissioner nor the General Assembly consciously intended to create the situation that now confronts the State. Secondly, there appears to be no occasion for including in this memorandum the citations relied upon for conclusions in view of the fact that they are included at great length in the briefs and that counsel have shown an equal acquaintance with them and facility in exploring the entire field and dissecting everything discovered.

The court holds:

1. That the plaintiffs are entitled to a refund in the sum of $147,065.39, interest having been waived.

2. That the Tax Commissioner of the State certify to the Comptroller such sum for refund to the plaintiffs; that the Comptroller issue his warrant for such amount to the State Treasurer, who in turn shall issue and deliver his check as Treasurer to the order of the plaintiffs for such amount.

3. That the Attorney General is not called upon to endorse approval upon the necessary warrant for the reason that the judgment and decree of this court is sufficient in lieu thereof.

4. The persons now holding the respective offices of Tax Commissioner, Comptroller and Treasurer shall be, and hereby are cited in as formal defendants in the place and stead of the named officials no longer in office.

Counsel for plaintiffs may submit a proposed judgment and decree in accordance with the above and covering necessary details.